MILLER *v*. CURTISS.

1. TRUSTS—RESIDUARY TRUST—SUSPENSION OF POWER OF ALIENA-
TION.
   Residuary testamentary trust requiring trustee to pay all of
   the income and 5 per cent. of the principal each year to
   woman named as beneficiary and more if her necessities re-
   quired, and providing for payment of principal to her chil-
   dren, if any, upon her death before completion of trust and
   to 7 named beneficiaries in the event she died childless was
   not void because it suspended the power of alienation for
   more than 2 lives in being since termination of the trust
   would follow 20 annual payments of 5 per cent. of the prin-
   cipal after testator's death in 1948 and prior to 20 years if
   she became necessitous or died (CL 1948, §§ 554.14, 554.15).

2. SAME—PERIOD OF TRUST—SUSPENSION OF POWER OF ALIENATION
FOR LIFETIME OR LESS THAN THE LIFETIME OF ONE PERSON.
   A trust whose period is for the lifetime or less than the life-
   time of one person, the first and direct beneficiary, is not
   invalid because of an improper suspension of the power of
   alienation (CL 1948, §§ 554.14, 554.15).

Appeal from Washtenaw; Breakey (James R.,
Jr.), J. Submitted June 13, 1950. (Docket No. 63,
Calendar No. 44,766.) Decided September 11, 1950.

Bill by Elizabeth Burtis Miller against Floyd A.
Curtiss and others to construe a will. Decree sus-
tained validity of will. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Perpetuities and Restraints on Alienation, §§ 66
   *et seq.*, 83.

*William R. Kelley,* for plaintiff.

*William M. Laird* (*John R. Laird,* of counsel), for defendants.

Reid, J. This is a bill to construe a will. From a decree dismissing the bill, plaintiff appeals.

John A. Burtis of Ypsilanti, Michigan, died February 1, 1948, leaving a will, the eighth paragraph of which was changed by a codicil dated February 5, 1946, so as to read as follows:

"Eighth: I hereby give, devise, and bequeath to Floyd A. Curtiss as trustee, and solely for the purposes herein enumerated, all the rest and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, to be held by him in trust for the following purposes and none other; namely, that the use and income of the rest and residue of my estate of whatsoever nature and wheresoever situate, shall be paid from time to time by said trustee to Phyllis Jane Russell, who has for some time been a comfort to, and has cared for me, and who is being given this bequest as an indication by me of my appreciation of the services rendered by her to me. Said trustee shall in addition, each year, to the payment of the use and income from said estate to the said Phyllis Jane Russell, pay over and deliver to her 5 per cent. of the principal of said trust. It being my intention that the said Phyllis Jane Russell shall each year receive from said trustee the entire income from the property bequeathed to the said trustee for her use and benefit, together with 5 per cent. of the principal of said trust.

"In the event that an emergency arises either because of sickness or accident in the life of the said Phyllis Jane Russell, which may require the expenditure of more funds than have been herein provided for her use and benefit, then and in that event the trustee is hereby authorized and empowered to

use such part of the principal of said trust as will take care of said emergency, and that the amount so used shall not be charged against the share of said trust to which the said PHYLLIS JANE RUSSELL shall be entitled for that year.

"In the event the said PHYLLIS JANE RUSSELL shall die before said trust has been completed, then and in that event, I hereby give, devise, and bequeath the remainder of said trust estate in the hands of said trustee to the children, if any, of the said PHYLLIS JANE RUSSELL born to her; otherwise, I hereby give, devise, and bequeath the remainder of said trust estate in the hands of the said trustee to the following persons in equal shares:

> "DAVID B. WOLFGANG
> RICHARD J. WOLFGANG
> MARY ANN WOLFGANG
> WILLIAM F. BURTIS
> DONA MAY BURTIS
> BARBARA ANN BURTIS
> JOAN KAREN BURTIS"

The will with above-quoted codicil was admitted to probate, March 9, 1948.

Plaintiff, daughter of a deceased son of decedent, claims that the trust provision of the eighth paragraph above quoted suspends the power of alienation for more than 2 lives in being and that consequently the trust provision is void under CL 1948, §§ 554.14, 554.15 (Stat Ann §§ 26.14, 26.15).

The next section, CL 1948, § 554.16 (Stat Ann § 26.16), is not applicable to the instant case.

Plaintiff further concedes that the repeal of these sections above cited by PA 1949, No 38, is not applicable because testator died before the effective date of the repealing act.

CL 1948, § 554.13 (Stat Ann § 26.13), is as follows:

"Future estates are either vested or contingent:

"They are vested when there is a person in being who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate.

"They are contingent whilst the person to whom, or the event upon which they are limited to take effect remains uncertain."

Plaintiff further claims that the determination of the duration of the suspension of the power of alienation should be made by ascertaining how many persons could possibly die before there are persons who by combining together could convey the title to the real estate involved herein, in other words, that any or all of the contingent remaindermen could die and the power of alienation would still be suspended until the termination of the trust.

It is apparent that if Phyllis Jane Russell lived for 20 years after testator's death, the trust would then be terminated by the 20 payments of 5 per cent. of the estate originally subject to the trust. If she became necessitous and some of the corpus were used for her benefit, the estate would be terminated in less than 20 years. If she died during the trust period, leaving children, the trust would be terminated and her children would receive the remainder; but if she died childless during the trust period, the trust would immediately terminate, and the remainder would be payable to the remaindermen named.

In any event, the trust cannot continue beyond the lifetime of Phyllis Jane Russell. The suspension of the power of alienation is not for a period beyond the lifetime of Phyllis Jane Russell; it will be shorter than her lifetime if she lives more than 20 years after the death of testator.

The trust period is not in gross, but is for the lifetime or less than the lifetime of one person, the first and direct beneficiary. It is not necessary to exam-

ine into plaintiff's theories as to the class or classes of remaindermen. It is of no moment to consider how many of the contingent remaindermen may die before the death of Phyllis Jane Russell.

The provisions of the codicil are valid. The trial court so held and for that reason dismissed the bill. The decree appealed from is affirmed. Costs to defendants.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.